```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT CHARLESTON
```

W. THOMAS DOOLEY,

       Plaintiff,

v.                                     Civil Action No. 2:11-cv-0263

CSX TRANSPORTATION, INC.,

       Defendant and
       Third-Party Plaintiff,

v.

LIZ'S COMMERCIAL CLEANING,

       Third-Party Defendant.


## MEMORANDUM OPINION AND ORDER

       Pending is the motion of CSX Transportation, Inc. ("CSX") and Liz's Commercial Cleaning ("Commercial Cleaning") (collectively, "defendants") to strike the report and testimony of David Kenny, filed April 10, 2012.

I.

       This action arises from plaintiff's alleged fall at CSX's South Charleston yard office on November 17, 2010. Plaintiff's original complaint, filed March 30, 2011, in the United States District Court for the Eastern District of

Pennsylvania, alleged a claim against CSX for failure to maintain a safe workplace.  The case was transferred to this court on April 20, 2011.  On June 13, 2011, the court entered a scheduling order that, among other things, set the expert disclosure deadline for the party bearing the burden of proof for November 14, 2011.  The expert disclosure deadlines for the opposing party and for rebuttal purposes were set for December 14, 2011, and December 30, 2011, respectively.  CSX subsequently filed a third-party complaint against Commercial Cleaning on June 23, 2011.  Dooley then filed an amended complaint on June 27, 2011, asserting a negligence claim against Commercial Cleaning.

Pursuant to a joint motion to amend the scheduling order, the court, by order entered February 1, 2012, extended the deposition and close of discovery deadline and all other then-remaining unexpired deadlines.  (See Docket No. 49).  The expert disclosure deadlines set forth above were not extended.  Furthermore, the court noted in its order that "[w]ith the exception of [these] modifications, the requirements and directives of the original scheduling order shall remain in full force and effect." (Id.).

The pending motion to strike was filed on April 10, 2012.  Defendants contend that plaintiff did not comply with its

obligation to disclose its experts. They note that, in fact, plaintiff never filed any formal expert witness disclosure whatsoever. It was only through other mechanisms of discovery that defendants were able to identify plaintiff's expert witnesses. (Mem. at 2 ("Plaintiff's discovery responses identified his treating physician, Dr. Michael Grefer, a vocational expert, Deborah Frost, and an economist, Dr. Cobb.")). However, plaintiff never identified, formally or otherwise, an expert on workplace safety or liability. At 4:51 p.m. on March 30, 2012, three days prior to the close of discovery and five months after the expiration of the deadline to do so, plaintiff emailed the movants a 17-page "supplemental expert witness disclosure." (Id.). This disclosure included a report prepared by David Kenny, AIA, MCRB, a previously undisclosed workplace safety expert. Kenny's report (the "Kenny Report") addresses the adequacy of signage and precautions taken by CSX and Commercial Cleaning and the role these alleged inadequacies played in plaintiff's incident.

II.

A.   Governing Standard

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at

3

trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. Pro. 26(a)(2)(A).[1]  "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. Pro. 26(a)(2)(D). There is also the obligation to "timely" supplement Rule 26(a) disclosures and interrogatory responses. <u>See</u> Fed. R. Civ. Pro. 26(e).

---

[1] The rule further provides as follows:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. Pro. 26(a)(2)(B).

The failure to make the required disclosures or supplementation may result in significant repercussions pursuant to Rule 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. . . .

Fed. R. Civ. Proc. 37(c)(1).  A district court has "broad discretion to determine whether a disclosure of evidence is substantially justified or harmless."  Southern States Rack and Fixture v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).

Harmlessness or substantial justification under Rule 37(c)(1) are ascertained by examining four factors, as restated recently by our court of appeals:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

Hoyle v. Freightliner, LLC, 650 F.3d 321, 329-30 (4th Cir. 2011) (quoting Southern States, 318 F.3d at 596 (internal quotation marks omitted)).  The court of appeals has "not required [district] courts to expressly consider each factor when evaluating discovery violations."  See id.; Carr v. Deeds, 453

5

F.3d 593, 604 (4th Cir. 2006).  Additionally, the Rule 37(c)(1) "sanction of exclusion . . . does not require a finding of bad faith or callous disregard of the discovery rules."  Id.

B.   Analysis

Defendants assert that they did not anticipate the Kenny Report or any testimony to be offered by a liability expert.  Consequently, they did not identify or retain any responsive expert.  Because of the tardiness of plaintiff's disclosure, defendants claim that they cannot retain a rebuttal expert to address Kenny's opinions and have no opportunity to depose him.  Plaintiff responds that the court's scheduling orders were ambiguous inasmuch as Commercial Cleaning was not joined in the case until after the court entered its initial scheduling order, and that eight of the nine depositions were not taken until four months after the plaintiff's expert disclosure deadline of November 14, 2011.  Plaintiff's assertions are not persuasive.

As set by the court's scheduling order, plaintiff was required to disclose his experts by November 14, 2011, which he plainly failed to do.  Moreover, Dooley never sought extension

of this particular deadline.[2]  Thus, the March 30, 2012, disclosure of the Kenny Report is untimely.  Plaintiff's proffered explanation -- that the expert disclosure date was "ambiguous in light of the facts of this case" -- is wholly unsupported in view of the plain language of the governing scheduling order.[3]

      Turning to the issue of surprise, plaintiff does not dispute that he failed to disclose the Kenny Report, Kenny's name, or even an intention to retain a workplace safety or liability expert prior to March 30, 2012, and nothing indicates that defendants anticipated this late rising disclosure.  Thus, the element of surprise counsels in favor of the movants.

      Despite plaintiff's clear lack of attentiveness to the court's expert disclosure deadline, and in view of the importance of the Kenny Report to plaintiff's case, the court

---

[2] Plaintiff complains that he believed he had asked the court to extend the expert disclosure deadline when he joined the joint motion to amend the scheduling order, filed January 31, 2012.  (See Joint Motion, docket 48).  The joint motion requested the extension of "all deadlines" by 120 days.  (See id. at 1-2).  By order entered February 1, 2012, the court extended the deposition and close of discovery deadline and all other then-remaining deadlines.  Notably, the order did not extend plaintiff's long-expired expert disclosure deadline.

[3] Dooley claims that the alleged ambiguity arose, in part, from the fact that Commercial Cleaning entered the case after entry of the original scheduling order.  He does not specify how this fact impacted his disclosure obligation deadline or his failure to seek timely relief from it.

finds that the better course is to permit the disclosure and grant defendants an opportunity to cure.  Such a result also obviates any concern that allowing the evidence would disrupt the trial.  With the admonition to plaintiff's counsel that he must strictly adhere to all court-imposed deadlines in the future, defendants' motion to strike is denied.

### III.

To the extent that this determination imposes a hardship on defendants, they are given leave to seek a further modification of the scheduling order to permit the orderly preparation for, and deposition of, David Kenny, as well as a rebuttal expert.  Any such request should be made no later than seven days from the entry of this order.

Accordingly, the court ORDERS that defendants' motion to strike be, and it hereby is, denied.  It is further ORDERED that plaintiff make arrangements to have David Kenny available promptly upon defendants' request or notice to take his deposition.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATE: June 29, 2012

                      John T. Copenhaver, Jr.
                      United States District Judge